UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EDUARD SANDOVAL,

                        Plaintiff,

-against-

CREDIT CORP. SOLUTIONS INC. DBA TASMAN
CREDIT and KIRSCHENBAUM & PHILLIPS,

                        Defendants.

Docket No. 2:19-cv-06475-KAM-SJB

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS CREDIT CORP. SOLUTION INC. DBA TASMAN CREDIT and KIRSCHENBAUM & PHILLIPS

**Michael L. Kohl, Esq.**
*Attorneys for Defendants Credit Corp Solutions Inc
and Kirschenbaum & Phillips, P.C.*
**3018 Merrick Road
Wantagh, New York 11793
(631) 219-1810**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT……………………………………………………………1

STATEMENT OF FACTS……………………………………………………………….2

STANDARD OF REVIEW………………………………………………………………2

ARGUMENT……………………………………………………………………………..1

    PLAINTIFF'S FDCPA CLAIM MUST BE DISMISSED AS VERIFICATION OF DEBT WAS PROVIDED IN COMPLIANCE WITH SECOND CIRCUIT'S INTERPRETATION OF FDCPA SECTION 1692g………………………………….1

CONCLUSION……………………………………………………………………………1

# TABLE OF AUTHORTIES

**CASES:**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)

*Bascom v. Dubin*, 2007 U.S. Dist. LEXIS 5349(W.D.N.Y. Jan. 25, 2007, No. 03-CV-6160T)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)

*Jenkins v. LVNV Funding, LLC*, 2017 U.S. Dist. LEXIS 57513 (E.D.N.Y. Feb. 28, 2017, No. 14-CV-5682 (SJF)(AKT)

*Ritter v. Cohen & Slamowitz*, LLP, 118 F. Supp. 3d 497 (E.D.N.Y. 2015)

*Stonehart v. Rosenthal*, No. 01 Civ. 651, 2001 U.S. Dist. LEXIS 11566, 2001 U.S. Dist. LEXIS 11566, 2001 WL 910771 (S.D.N.Y. Aug. 13, 2001)

**STATUTES**

Fed R. Civ. P 12(b)(6)

15 USC § 1692e

15 USC § 1692f

15 USC §1692g

## PRELIMINARY STATEMENT

Defendants Credit Corp. Solutions Inc. dba Tasman Credit and Kirschenbaum & Phillips(collectively, the "Defendants"), by their attorneys, Michael L. Kohl, Esq., respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint pursuant to Fed R. Civ. P., [12(b)(g)], [12(c)], and [56]. The Defendants are entitled to an Order dismissing the action with prejudice because the Plaintiff fails to state a claim upon which relief can be granted.

The Plaintiff's Complaint is predicated on a sole act, or omission, on the part of the Defendants, *namely*, by not providing Plaintiff with verification of debt that satisfies Plaintiff's own standard, Defendants should not have maintained their suit against Plaintiff. This is a mistaken, or at the very least unsupported, interpretation of FDCPA 1692g, based upon standard set forth by the Second Circuit. As may be evident on the face of the documentation submitted herewith, and as will be explained in detail below, Defendants' verification notice satisfied the Second Circuit's expressed standard for debt validation under the FDCPA, *to wit*, it duly set forth the identity of the creditor and the amount of debt, and accordingly, Plaintiff asserts no cause of action upon which relief can be granted and the complaint should be dismissed in its entirety.

## STATEMENT OF FACTS

Defendant Kirschenbaum & Phillips ("K&P") was retained by Defendant Credit Corp. Solutions Inc. dba Tasman Credit ("Credit Corp") to collect an outstanding debt from Plaintiff in the amount of $22,392.78 arising from Plaintiff's Webbank credit account ending in 8903.

On or about July 10, 2018, Credit Corp sent Plaintiff a letter containing the required FDCPA disclosures, to which Plaintiff responded with a letter dated October 24, 2018 asking for validation of debt. **Exhibit A. Exhibit B.**

On November 16, 2018, Credit Corp prepared and sent to Plaintiff a response that included numerous documents relative to the Webbank credit account ending in 8093, including a Loan Agreement, Loan Summary, Borrower's Agreement, Terms of Use, Truth in Lending Disclosures and a spreadsheet breaking down the amount borrowed, along with the application of payments, interest and charges to the account over time. **Exhibit C.**

Thereafter, this account was placed with K&P as attorneys for Credit Corp, whom also sent Plaintiff Sandoval an initial demand letter on December 31, 2018, as set forth in the affirmation of James P. Scully, Esq. *See* **Exhibit D**.

As Defendants had otherwise satisfied their debt verification obligations under the applicable law and had not received any dispute letter from Mr. Sandoval, K&P properly filed a collection action against Plaintiff on February 12, 2019. **Exhibit E.**

On or about February 20, 2019, Plaintiff sent K&P another dispute letter relative to the Account, requesting "the original promissory note and/or contract", "an account and general ledger statement" and other such documentation and affirmations that would normally be requested during discovery. **Exhibit F.**

On March 11, 2019, K&P prepared and sent to Plaintiff a verification letter, including documents relative to the Webbank credit account ending in 8093, including a Loan Agreement, Loan Summary, Borrower's Agreement, Terms of Use, Truth in Lending Disclosures and a spreadsheet breaking down the amount borrowed, along with the application of payments, interest and charges to the account over time. **Exhibit G.**

On April 2, 2019, Mr. Sandoval filed his Answer to the Complaint filed in the Collection Action. **Exhibit H.**

Additionally, as the information received did not ostensibly satisfy Mr. Sandoval, he

furnished a final letter to K&P declaring his intent to sue the Defendants named herein. **Exhibit I.**

Thereafter, Plaintiff bought the instant suit, alleging violation of the FDCPA. For the reasons explained in detail below, Plaintiff's Complaint should be dismissed in its entirety.

## STANDARD OF REVIEW

Fed R. Civ. P 12(b)(6) sets forth that a party may apply to the Court by motion to dismiss for failure to state a claim upon which relief can be granted.

It is well settled that to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

A claim is plausible on its face when the pleading contains factual content sufficient to allow a court to reasonably infer the defendant's liability, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555. And although the Court must accept all well pleaded factual allegations as true, it does need to need to accept those allegations that are nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action". *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

## ARGUMENT

**PLAINTIFF'S FDCPA CLAIM MUST BE DISMISSED AS VERIFICATION OF DEBT WAS PROVIDED IN COMPLIANCE WITH SECOND CIRCUIT'S INTERPRETATION OF FDCPA SECTION 1692g**

The four corners of the Plaintiff's complaint set forth ostensibly one cause of action,

*namely*, the alleged violation(s) of the FDCPA, which are thereafter specified as 15 USC §§ 1692e, 1692f, and recited strictly in relation to K&P's failure to drop Credit Corp's lawsuit against Plaintiff because K&P did not provide "original documentations signed by client". In sum, Plaintiff essentially alleges that Defendants violated the prohibition against misleading and unconscionable practices *vis-a-vis* 15 USC §§ 1692e and 1692f, respectively, when the Defendants allegedly failed to provide adequate verification of the as set forth by 15 USC § 1692g.

15 USC § 1692g(b) sets forth that:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed.... the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt.... and a copy of such verification... is mailed to the consumer by the debt collector.

As set forth by this very Court in a case with a similar factual predicate to this suit, "[a]lthough the Second Circuit has not spoken authoritatively on the issue of what constitutes 'verification of the debt' for purposes of complying with the FDCPA, district courts in this Circuit have articulated the standard for sufficient verification as a written statement that the amount being demanded is what the creditor is claiming is owed." *Jenkins v. LVNV Funding, LLC*, 2017 U.S. Dist. LEXIS 57513 at *25 (E.D.N.Y. Feb. 28, 2017, No. 14-CV-5682 (SJF)(AKT)) (quoting *Ritter v. Cohen & Slamowitz, LLP*, 118 F. Supp. 3d 497, 500-01 (E.D.N.Y. 2015)); *see also Bascom v. Dubin*, 2007 U.S. Dist. LEXIS 5349, at *7 (W.D.N.Y. Jan. 25, 2007, No. 03-CV-6160T) ("Verification is only intended to eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.")

Additionally, it should be noted that "the debt collector is not required to keep detailed

files of the alleged debt." *Jenkins,* 2017 U.S. Dist. LEXIS 57513 at *25. (citing *Stonehart v. Rosenthal,* No. 01 Civ. 651, 2001 U.S. Dist. LEXIS 11566, 2001 U.S. Dist. LEXIS 11566, 2001 WL 910771, at *6 (S.D.N.Y. Aug. 13, 2001)).

It is without dispute that on two separate occasions, Plaintiff herein sent a letter to Credit Corp on October 24, 2018, and to K&P on February 20, 2019, asking for verification of the debt.

It is also indisputable that both Credit Corp and K&P responded to Plaintiff's request by providing a letter with a written statement verifying the debt ("Verification Letter"), along with a host of documents that are above and beyond "a written statement that the amount being demanded is what the creditor is claiming is owed".

As to the Verification Letters themselves, they are both compliant with case law and statutory authority as set forth in 15 USC § 1692g where said letters are in the form of a written statement that express the balance of the account, the identity of the original creditor, the identity of the Credit Corp as the current creditor and details as to how Credit Corp became the current creditor.

Accordingly, as Defendants have not violated 15 USC § 1692g, they could not have violated 15 USC §§ 1692e and 1692f, and Plaintiff's claim based upon 15 USC § 1692g fails as matter of law. As said claim forms the basis for the entirety of the Plaintiff's Complaint, the Complaint itself must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its Motion and dismiss the Plaintiff's Complaint.

Dated: Nassau, New York
       January 19, 2021

                                 Michael L. Kohl, Esq.

By: _____
                Michael L. Kohl, Esq.
                3018 Merrick Road
                Wantagh, New York 11793
                (631) 219-1810
                *Attorneys for Defendants CREDIT CORP*
                *SOLUTIONS INC DBA TASMAN CREDIT and*
                *KIRSCHENBAUM & PHILLIPS*